UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA VALENTINA PAVINO,

    Plaintiff,

    v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE FOR RALI
SERIES 2007 QH8 TRUST,

    Defendant.

Case No. C10–1798RSL

ORDER GRANTING MOTION
TO DISMISS AND GRANTING
LEAVE TO AMEND

## I. INTRODUCTION

This matter comes before the Court on defendant's motion to dismiss plaintiff's complaint "to quiet title" pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, defendant moves to dismiss pursuant to Rule 12(b)(7) for failure to join required parties. For the reasons set forth below, the Court grants defendant's motion.

## II. ANALYSIS

On November 5, 2010, plaintiff, who is proceeding *pro se*, filed her complaint with this Court "for quiet title" asserting that defendant claims an interest against her real property located in Kirkland, Washington. Plaintiff asserts numerous claims that will be addressed in turn below.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 1

Other than vaguely alleging that defendant is asserting a claim to her real property, plaintiff's complaint fails to assert facts against defendant. In its motion, defendant set forth the following facts that plaintiff does not dispute. In July 2007, plaintiff, in consideration for a mortgage loan, executed a promissory note payable to Homecomings Financial, LLC ("Homecomings") and a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Homecomings, its successors and assigns. Motion, Exs. 1 & 2. The deed of trust names Land American Transnation ("Land American") as the Trustee and grants the Trustee the power of sale in the event of a default. Id., Ex. 2. In October 2009, Aurora Loan Services, LLC executed a beneficiary designation stating that it is "the actual holder of the promissory note" related to plaintiff's loan and property. Id., Ex. 3. Plaintiff was sent a notice of default in February 2011. Id., Ex. 4. Defendant's name does not appear on that notice. Although a non-judicial foreclosure is proceeding, there is no scheduled sale of the property.

Rather than substantively responding to the motion, plaintiff argues in her response that defendant's motion should not be heard because it is in default. However, as the Court previously ruled, plaintiff has not sought and the Court has not entered default against defendant. (Dkt. #13, denying plaintiff's motion for default judgment). Pursuant to Local Rule 7, the Court construes plaintiff's failure to respond to the merits of the motion as a concession that the motion has merit.

**A.   Failure to State a Claim.**

Defendants have filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).  Plaintiffs must show a "plausible entitlement to relief," which requires more than labels and conclusions.  Id. at 555 (explaining that a "formulaic recitation of the elements of a cause of action will not do."); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

Plaintiff's complaint contains numerous allegations against third parties, but the allegations against defendant are scant.  In fact, the complaint fails to identify what defendant has allegedly done wrong.  In light of the fact that plaintiff is proceeding *pro se*, the Court will construe her allegations generously and attempt to determine whether she has asserted a claim.  First, plaintiff alleges that the Deed of Trust Act ("DTA") is unconstitutional.  This Court rejected that claim in another suit brought by plaintiff.  Pavino v. Bank of Am., N.A., Case No. 10-1943RSL (W.D. Wash. March 4, 2011).  To the extent that plaintiff is seeking to assert a claim based on the DTA, plaintiff has not alleged facts to show that such a claim will lie against defendant, which is not the trustee, the note holder or the beneficiary seeking to foreclose on the property.

Second, plaintiff contends that the defendant is not the beneficiary and lacks standing to declare a default.  However, there is no evidence or allegations that defendant instituted or is pursuing a default related to the property.  Third, plaintiff contends that there "is no evidence that defendant paid consideration for the beneficial interest in the Note, Deed of Trust, or Subject Property" and denies that defendant holds a valid assignment of the deed of trust.  Those contentions are untethered to any legal claim.  Fourth, plaintiff alleges violations of the Truth in Lending Act "(TILA"), but fails to set forth the basis for those claims or show that they are timely.  TILA claims must be brought within one year of the occurrence of the violation unless the claim is asserted "as a matter of defense by recoupment or set-off."  15 U.S.C. § 1640(e).  Fifth, plaintiff alleges that defendant violated the Real Estate Settlement Procedures Act

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 3

1  ("RESPA") by failing to disclose certain information, but has not provided any facts to show that
2  defendant had a duty to disclose.
3        Sixth, plaintiff alleges fraud but fails to assert those allegations with particularity as
4  required by Federal Rule of Civil Procedure 9(b).  Furthermore, the fraud allegations appear
5  directed at the conduct of third parties.
6        Seventh, plaintiff alleges that defendant "apparently stole" plaintiff's credit and a T-bill.
7  Complaint at ¶¶ 109-110.  However, those conclusory allegations are unsupported by facts.
8  Plaintiff also lists a large number of allegedly predatory practices but fails to identify which, if
9  any, of the practices defendant engaged in or any facts to support the allegations.  Finally,
10 plaintiff alleges constitutional violations but has not set forth any facts to show that defendant is
11 a state actor.  Based on those deficiencies, defendant's motion to dismiss is granted.

12 **B.   Failure to Join Parties.**

13       Defendant has also moved to dismiss for failure to join required parties.  Federal Rule of
14 Civil Procedure 19 sets forth the rule for required joinder of parties:

15 **(a) Persons Required to Be Joined if Feasible.**
16     **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
17         (A) in that person's absence, the court cannot accord complete relief among existing parties; or
18         (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
19             (i) as a practical matter impair or impede the person's ability to protect the interest; or
20
21             (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

22 **(b) When Joinder Is Not Feasible.**  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should
23 proceed among the existing parties or should be dismissed.  The factors for the court to consider include:
24
25     (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
    (2) the extent to which any prejudice could be lessened or avoided by:
26         (A) protective provisions in the judgment;
27
28 ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 4

    (B) shaping the relief; or
    (C) other measures;
 (3) whether a judgment rendered in the person's absence would be adequate; and
 (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Pursuant to the Rule, the Court must determine whether the providers are "required parties." If so, the Court must then determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." As the moving party, defendant has the burden of persuasion. See, e.g., Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

Plaintiff is seeking damages, an order rescinding the trustee's deed and any other documents "signed or entered into by the Plaintiff(s) [sic] in connection with the mortgage loan," an order "releasing and/or re-conveyance of any Deed of Trust or other document signed or entered into and subsequently recorded in connection with the mortgage Loan," a permanent injunction enjoining the sale of the property, return of all payments of principal and interest, and an order quieting title. Complaint at ¶¶ 146-53. In light of the relief plaintiff is seeking, other parties, including the trustee, note holder, and beneficiary (collectively, the "third parties"), all have an interest in this lawsuit. See, e.g., Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975) (explaining that "no procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable"). The relief plaintiff seeks would affect their rights. Nor are their interests solely financial. Rather, it is an interest in their businesses and contract relationships, which is cognizable under Rule 19. Id.; see also Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150 (9th Cir. 2002). Moreover, because plaintiff is seeking to rescind the loan documents, enjoin the sale of the property, and quiet title in her favor, the third parties' interests would be impaired by adjudication in their absence. Nor could the Court award complete relief in their absence. For the same reasons, the

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 5

Court finds that the third parties would suffer prejudice if this case continued in their absence. Accordingly, the third parties are required parties.

**C.     Leave to Amend.**

Having determined that plaintiff's allegations are insufficient and that she has failed to join required parties, the Court must determine whether to dismiss the action or grant her leave to amend. Defendant has not shown that the third parties cannot be joined. Moreover, because plaintiff is *pro se*, she will be given the opportunity to amend her complaint to state a claim and, if she chooses, to add the required parties. She must file her motion to file an amended complaint, along with the proposed amended complaint, in the docket within thirty days of the date of this order. If she fails to do so, the Court will dismiss this case and enter judgment in favor of defendant and against plaintiff. The amended complaint should set forth facts that describe what defendant allegedly did wrong and describe how that conduct violated the law.

### III.  CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss (Dkt. #9) is GRANTED with leave to amend. As set forth above, plaintiff must file a motion to file an amended complaint, along with the proposed amended complaint, within thirty days of the date of this order to avoid dismissal.

DATED this 1st day of April, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 6